UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-02326-WLH-JDE | Date | May 14, 2026 |
|---|---|---|---|
| Title | ***Omar Garcia Aburto v. Warden Adelanto ICE Processing Center et al*** | | |

Present: The Honorable    WESLEY L. HSU, United States District Judge

| Lesbith Castillo | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:    (IN CHAMBERS) ORDER RE RENEWED EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED [7]**

The Court is in receipt of Petitioner's Renewed Ex Parte Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Issued (Application, Dkt. No. 7). On May 8, 2026, the Court ordered Respondents to file a response to the Application by May 12, 2026. (Order, Dkt. No. 8). Respondents filed an Opposition on May 12, 2026. (Opp'n, Dkt. No. 10). On May 13, 2026, Petitioner filed a Reply. (Reply, Dkt. No. 11).

## I.    BACKGROUND

Petitioner is a permanent resident who entered the United States on April 3, 1989. (Application at 5; *see also* Declaration of Carolina Gomez ("Gomez Decl.") ¶ 5, Dkt. No. 7). Petitioner has an extensive criminal history including: (1) a 1997 misdemeanor conviction under California Penal Code § 647(a); (2) "drug-related convictions [that] were vacated under California Penal Code § 1473.7(a)(1) and substituted with a misdemeanor plea to California Penal Code § 32 (accessory after the fact"; and (3) "drug-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

related convictions [that] were vacated under PC § 1473.7(a)(1) and substituted with a misdemeanor PC § 32 plea." (Application at 5-6; *see also* Gomez Decl. ¶ 6). The Notice to Appear dated April 30, 2026, however, states that Petitioner is subject to removal pursuant to the following:

> Section 237 (a) (2) (B) (i) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. 802), other than a single offense involving possession for one's own use of 30 grams or less of marijuana.

> Section 237 (a) (2) (A) (iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101 (a) (43) (B) of the Act, an offense relating to the illicit trafficking in a controlled substance, as described in section 102 of the Controlled Substances Act, including a drug trafficking crime, as defined in section 924(c) of Title 18, United States Code.

(Application, Ex. A ("Notice to Appear") Dkt. No. 7 at 4).

On April 30, 2026, Petitioner was apprehended at his place of employment and has been held at the Adelanto ICE Processing Center since. (Gomez Decl. ¶ 8). Petitioner is currently in removal proceedings and has a hearing date scheduled for May 18, 2026, before an immigration judge. (*See* Notice of Hearing at 1, Ex. B, Dkt. No. 7).

## II.   **Legal Standard**

A TRO may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). In determining whether to issue a TRO, courts apply the four *Winter* factors (the "*Winter* Factors"), which also guide the evaluation of a request for a preliminary injunction: (1) likelihood of success on the merits; (2) irreparable harm

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

in the absence of preliminary relief; (3) the balance of equities; and (4) the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001) (explaining that the analysis for a TRO and a preliminary injunction are "substantially identical").  If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue.  L.R. 65-1.

## III.    DISCUSSION

Petitioner seeks injunctive relief, specifically requesting that the Court "issue [a] temporary restraining order, set an order to show cause why a preliminary injunction should not issue, and order Petitioner's immediate release."  (Application at 10). Petitioner argues that none of his "criminal dispositions render him deportable."  As explained below, Petitioner has not shown a likelihood of success on the merits.  *See Winter*, 555 U.S. at 20.

Pursuant to Section 237 (a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), an alien is deportable if at any time after admission they have been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana. 8 U.S.C. § 1227(a)(2)(B)(i).  Section 237 (a)(2)(B)(i) incorporates 21 U.S.C. § 802, which limits the term "controlled substance" to a "drug or other substance" included in one of five federal schedules.  21 U.S.C. § 802(6).  Section 237(a)(2)(A)(iii) of the INA states that, "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."  8 U.S.C. § 1227(a)(2)(A)(iii).  Section 1226(c) in turn states that the Attorney General "shall take into custody any alien" who falls into one of the enumerated categories involving, as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

relevant here, those who have committed "any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)."  8 U.S.C. §§ 1226(c)(1)(B).

Respondents state that Petitioner was convicted with an aggravated felony "on January 13, 2005, in the Superior Court of California in Orange County for the offense of felony Transportation of a Controlled Substance and felony Possession of a Controlled Substance, to wit:  Methamphetamine, in violation of California Health & Safety Code §§ 11379(A) and 11377(A)."  (Opp'n at 2-3).  According to the Notice to Appear, Petitioner is charged with removability under Section 237 (a)(2)(B)(i) and Section 237(a)(2)(A)(iii) of the INA for having been convicted of an aggravated felony.  (*See* Notice to Appear at 4).

Petitioner, however, contends that he is not removable, because his "drug-related convictions were vacated under California Penal Code § 1473.7(a)(1) and substituted with a misdemeanor plea to California Penal Code § 32 (accessory after the fact."  (Application at 5).  Specifically, Petitioner contends that the "Ninth Circuit has held that vacaturs entered under § 1473.7(a)(1) are categorically effective to eliminate the underlying conviction for federal immigration purposes."  (Reply at 1).

To support his position, Petitioner cites *Bent v. Garland*, 115 F.4th 934 (9th Cir. 2024), but in *Bent* the Ninth Circuit considered a petition for review of an order by the Board of Immigration Appeals.  *Id*. at 939.  This Court has jurisdiction only over the legality of Petitioner's detention—not the merits or validity of his removability.

Section 1252(g) explicitly states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g).  To the extent that Petitioner is attacking the merits of his removability, therefore, this Court lacks jurisdiction to decide.  Moreover, Petitioner will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

have an opportunity to challenge the merits of his removability in front of an Immigration Judge on May 18, 2026.

The Court cannot grant the requested injunctive relief with respect to his immediate release because Petitioner has not met his burden that he is likely to succeed on the merits as to being released.  The Supreme Court held that Section 1226(c)'s mandatory detention provision applies even when a non-citizen who is subject to detention is not arrested and detained immediately following their release from custody on criminal charges.  *Nielsen v. Preap*, 203 L.Ed.2d 333 (2019).  Further,  "[d]etention during removal proceedings is a constitutionally permissible part of [the removal] process."  *Demore v. Kim*, 538 U.S. 510, 531 (2003).  While the Supreme Court also explained that mandatory detention under Section 1226(c) includes a "definite termination point" and "in the majority of the cases it lasts for less than the 90 days [the Supreme Court considered presumptively valid in *Zadvydas*," *id*. at 529, in this case, Petitioner's mandatory detention pursuant to Section 1226(c) has been less than 90 days. Petitioner was detained on April 30, 2025, and has a hearing in front of an Immigration Judge on May 18, 2026.  Because detention during the removal proceeding is constitutionally permissible, and his continued detention has not exceeded 90 days, Petitioner has failed to show a likelihood of success.

Accordingly, the Court declines to consider the remaining *Winter* factors and **DENIES** Petitioner's Application without prejudice.  Absent further order from the Court, all subsequent matters in this case are referred to the Magistrate Judge.

**IT IS SO ORDERED.**